**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **M.M.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VGW US, INC., VGW HOLDINGS US, INC., and VGW LUCKYLAND, INC.,**<br><br>**Defendants.** | **Civil Action No. 1:25-cv-10514** |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants VGW US, Inc. ("VGW US"), VGW Holdings US, Inc. ("VGW Holdings US"), and VGW Luckyland, Inc. ("VGW Luckyland") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, hereby remove this civil action to the United States District Court for the District of Massachusetts, Eastern Division, from the Suffolk County Superior Court. In support of this Notice of Removal, Defendants state as follows:

## I. OVERVIEW

1. On or about January 8, 2025, Plaintiff "M.M."[1] filed this putative class action in the Superior Court of Suffolk County, Massachusetts, Case No. 2584CV00050.

2. Defendants and their affiliates (collectively, "VGW Group") specialize in the development and publication of online casino-themed social games, including the *Chumba Casino* and *Luckyland Slots* games at issue in the Complaint (the "Games"). *See* Declaration of Caterina Cavallaro in Support of Defendants' Notice of Removal ("Cavallaro Decl.") ¶ 2.

[1] Plaintiff filed this action under a pseudonym. Defendants reserve the right to move for an order compelling Plaintiff to disclose his identity, pursuant to Federal Rule of Civil Procedure 10(a).

3. Plaintiff claims that the Games violate Massachusetts law. *See* Compl. ¶¶ 14-21, 103-11, 116-19, 125. Plaintiff alleges that he lost money playing the Games and "suffered an injury in fact resulting in the loss of money and/or property" (*id.* ¶ 76), but he has not specified the amount of alleged monetary harm that he claims to have suffered. Plaintiff seeks, among other things, to recover all amounts that he and everyone else in Massachusetts spent on the Games from October 8, 2024, to January 8, 2025, ostensibly pursuant to M.G.L. ch. 137 § 1. *Id.* ¶¶ 114-20.

4. Attached hereto as **Exhibits A-G** is a copy of all process, pleadings, and orders filed in the state court case to date. No responsive pleadings have been filed in the state court. Pursuant to Local Rule 81.1, Defendants will file certified or attested copies of all records, and proceedings and docket entries in the state court with this Court within 28 days of the filing of this Notice.

5. This removal is timely because Defendants have filed and served this Notice of Removal within 30 days of the date of service of the Complaint on February 5, 2025.

6. Defendants reserve all defenses, including, but not limited to, lack of personal jurisdiction. *See Garden Homes, Inc. v. Mason*, 238 F.2d 651, 653 (1st Cir. 1956).

7. A copy of this Notice of Removal will be filed with the Suffolk County Superior Court and provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this putative class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). *See infra* ¶¶ 10-15.

9. For purposes of this removal, venue is proper in the District of Massachusetts, Eastern Division, because the state court action was filed in the Superior Court of Suffolk County. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants reserve the right to move

to compel arbitration and/or transfer this action pursuant to the arbitration and mandatory forum selection clauses in the terms of service for the Games. *See Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("It is well settled that the filing of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.").

## III. REMOVAL IS PROPER UNDER CAFA

10. Removal is proper under 28 U.S.C. §§ 1453(b) and 1332(d)(2). Together, these statutes allow for the removal of any (1) "class action" where (2) minimal diversity exists, (3) there are at least 100 putative class members, and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

11. All the requirements for CAFA jurisdiction are satisfied here.

12. ***First***, this action is pled as a putative class action. *See* Compl. ¶¶ 90-96.

13. ***Second***, CAFA's minimal diversity requirement is satisfied. Minimal diversity under CAFA is satisfied where "***any*** member of a class of plaintiffs is a citizen of a State different from ***any*** defendant." 28 U.S.C. § 1332(d)(2)(A) (emphases added). Plaintiff is a Rhode Island citizen who claims to have played and lost money on the Games while in Massachusetts. *See* Compl. ¶ 76. Plaintiff seeks to represent a putative class of "[a]ll persons in Massachusetts who" spent money on the Games. *Id.* ¶ 90. Defendants are Delaware corporations with their principal places of business in Delaware. *See* Cavallaro Decl. ¶ 5. Therefore, minimal diversity is satisfied under CAFA because Plaintiff (a member of the putative class) is a citizen of Rhode Island and Defendants are not.

14. ***Third***, there are at least 100 players in Massachusetts who made a purchase in the Games between October 8, 2024, and January 8, 2025. *See id.* ¶ 7.a.

15. ***Fourth***, the total amount of in-game purchases by all players in Massachusetts between October 8, 2024, and January 8, 2025, exceeds $5,000,000. *See id.* ¶ 7.b.

## IV. CONCLUSION

16. Defendants hereby remove this action from the Superior Court of Suffolk County to the United States District Court for the District of Massachusetts, Eastern Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Dated: March 4, 2025

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*_/s/ Matthew D. LaBrie_*

Matthew D. LaBrie (BBO No. 693698)
mlabrie@orrick.com
222 Berkeley Street, Suite #2000
Boston, MA 02116
T: +1 617 880 1800
F: +1 617 880 1801

*Counsel for VGW US, Inc., VGW Holdings US, Inc., and VGW Luckyland, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March 2025, the foregoing document was served on counsel of record for plaintiff, M.M., listed below, via email and certified mail:

Joel D. Smith
867 Boylston Street 5th Floor #1520
Boston, MA 02116
joel@skclassactions.com

Yeremey O. Krivoshey
166 Geary Street, STE 1500-1507
San Francisco, CA 94108
yeremey@skclassactions.com

*Counsel for Plaintiff M.M.*

*/s/ Matthew D. LaBrie*
Matthew D. LaBrie