UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| M.M., <br><br> Plaintiff, <br><br> v. <br><br> VGW U.S., INC., VGW HOLDINGS U.S., INC., and VGW LUCKYLAND, INC. <br><br> Defendants. | Case No. 1:25-cv-10514-DJC |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

This matter was pseudonymously filed in state court and then removed to this Court. *See* ECF No. 1. On July 29, 2025, the Court ordered Plaintiff to file a motion for leave to proceed under a pseudonym. ECF No. 27. Plaintiff does so now, and is filing this motion a declaration disclosing his real name (under seal), and his concerns about disclosure of his identity.

A district court's decision on a motion to proceed by pseudonym is reviewed under a deferential abuse of discretion standard. *See Doe v. M.I.T.*, 46 F4th 61, 66 (1st Cir. 2022). There are four circumstances where "party anonymity ordinarily will be warranted." *Id.* at 71. One of those circumstances "involves cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.*; *see also Williams v. U.S. Equal Employment Opportunity Comm'n.*, 2024 WL 1771287 at *1 (D. Mass. Apr. 23, 2024) (Casper, J.) (citing *M.I.T* factors). This case involves that circumstance for two reasons detailed below.

## A. Mental Health Concerns Support Pseudonymity

In *M.I.T*, the First Circuit specifically cited cases involving "medical concerns" as one of the circumstances supporting pseudonymity. *M.I.T*, 46 F4th at 71. "Medical concerns" include mental health issues, which in turn, include addiction. "Numerous courts have found that mental illness and drug addiction are personal and sensitive and that disclosure of those conditions, especially because of the social stigma attached to them, may intrude on a plaintiff's privacy," and thus warrant leave to proceed pseudonymously. *M.O. v. Brightview LLC*, 2025 WL 307284, at *2 (S.D. Ohio Jan. 27, 2025) (collecting authorities). Pathological gambling falls within this concern too because it has been in the American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders since 1980. *See U.S. v. Shorter*, 618 F. Supp. 255, 258 (D.D.C. 1985) (describing the circumstances when gambling disorder achieved general acceptance by mental health professionals).

Here, Plaintiff alleges that he "struggles with gambling addiction and due to the stigma associated with addiction and a desire to not disclose personal mental health information, he is filing this matter anonymously but will disclose his name as necessary to the Court under seal." Complaint, at ¶ 76. These allegations were made in part because the Complaint details the rise in online gambling addiction—particularly among young individuals like Plaintiff—and the significant role that Defendants have played in that problem. *Id.* at ¶¶ 2-7, 21, 32-34. Like other plaintiffs who have proceeded pseudonymously due to mental health or addiction issues, Plaintiff is concerned about the social stigma associated with his circumstances, and how disclosure of his name could impact him. *See* M.M. Decl., ¶¶ 3-5.

The presence of existing media attention on a case is another factor supporting pseudonymity. *See, e.g.*, *Roe v. Doe*, 2019 WL 1778053 at *2-3 (D.D.C. Apr. 23, 2019) (media

attention a factor in granting motion to proceed under a pseudonym). This case and other cases like it have generated publicity, with one reporter describing this lawsuit in particular as "potentially, one of the most dangerous [of recent lawsuits] to the interests of the sweeps-based operators…." Ex. 1 to M.M. Decl. A Google search of the term "Chumba casino Massachusetts lawsuit" prompts Google A.I. to provide a synopsis of this case and identify the plaintiff "M.M." Ex. 2 to M.M. Decl. Four reporters from national and regional news agencies have contacted Plaintiff's counsel to inquire about this and similar cases. All of this creates a heightened risk that Plaintiff's name and addiction status will not simply be available in court records for those who make the effort to find them; but instead, disclosed in national or regional news.

Plaintiff is aware of a contrary district court decision in Las Vegas, Nevada holding that the stigma of gambling addiction does not support allowing a plaintiff to proceed pseudonymously. The court reasoned that "in today's environment, a past gambling addiction with accompanying mental health problems is not so out of the norm as to constitute sensitive and highly personal in nature." *Ball v. Skillz Inc.*, 2020 WL 6063328 at *1 (D.Nev. Oct. 14, 2020). Respectfully, that analysis (a) overlooks that pathological gambling is a recognized mental health disorder (*see Shorter*, 618 F. Supp. at 258); (b) places gambling addiction on a lesser footing than other forms of addiction without a legal or evidentiary basis to do so (*see* Compl., ¶¶ 2-6); and (c), most importantly, is inconstant with the governing standard under *M.I.T*. The decision in *Ball* also is distinguishable in light of the publicity this case has generated.

### B. Association With Illegal Conduct Is A Separate And Independent Basis Supporting Pseudonymity

The risk of a plaintiff being associated with illegal conduct or "compelled to admit their intention to engage in illegal conduct" is another circumstance that supports anonymity under *M.I.T. See Doe v. Stegall*, 653 F.2d 180, 185 (1st Cir. 1981); *see also M.I.T*, 46 F.4th at 71 (citing

*Stegall*). That factor applies here because gambling addiction and a propensity for criminal behavior sometimes coincide. *See Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM) Ltd.*, 617 S.W.3d 792, 805 (Ky. 2020) (describing how a rise in gambling addiction correlates with a rise in financial crimes prompted by gambling debts). Although Plaintiff has no intention to engage in illegal conduct and has no criminal record, others may wrongly infer that he does based on his gambling addiction and use of the illegal gambling website at issue here. M.M. Decl., ¶ 4. The fear of being associated with mental health challenges or illegal conduct is heightened by Plaintiff's immigration status. Plaintiff just received his green card approximately four months ago, and worries that disclosure of his mental health struggles or association with Defendants' illegal website could impede his path to naturalization. M.M. Decl., ¶ 5.

\* \* \*

In sum, under *M.I.T*, "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated" as Plaintiff because this case involves two forms of stigma: (a) addiction, and (b) an erroneous perception that Plaintiff may have a greater propensity to engage in illegal conduct, with both concerns heightened by Plaintiff's immigration status. It therefore would be within the Court's discretion to grant the relief requested here.

Dated: August 5, 2025　　　　**SMITH KRIVOSHEY, PC**

By:  /s/ Joel D. Smith
 　　Joel D. Smith

Joel D. Smith (BBO 712418)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (pro hac vice forthcoming)

3

166 Geary Str STE 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com

*Attorneys for Plaintiff*

**LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE**

I, Joel D. Smith, certify that a copy of the foregoing document, filed through CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 25, 2025.

 /s/ Joel D. Smith
Joel D. Smith